UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| FRANCISCO M. VAZQUEZ,<br>      Plaintiff, | )<br>)<br>) |
| v. | )   CAUSE NO.: 1:23-CV-312-JVB-JEM |
| ALLEN COUNTY JAIL, *et al.*,<br>      Defendants. | )<br>)<br>) |

## OPINION AND ORDER

Francisco M. Vazquez, a prisoner without a lawyer, filed an amended complaint against Allen County Jail, Sheriff Hershberger, and Jail Commander David Butler. (ECF 4). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Vazquez alleges that beginning on June 8, 2023, when he was booked into the Allen County Jail, the Defendants discriminated against him on the basis of his race, ethnicity, sexual orientation, and medical disability. (ECF 4 at 2). Mr. Vazquez says that, after he filed grievances about the discriminatory acts, the Defendants subjected him to vindictive reprisals, including delays in medical and mental health treatment, and he now fears for his life.[1] *Id*.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility

---

[1] In his amended complaint, Mr. Vazquez indicates he is suing sixteen defendants, but he only lists three defendants in the caption of his case. (ECF 4 at 1).

when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "[a] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

The amended complaint is short on facts and specifics about Mr. Vazquez's allegations against Sheriff Hershberger and Jail Commander Butler.[2] In short, Mr. Vazquez has not provided enough information for the Court to determine whether he has a viable claim against either of these defendants. If Mr. Vazquez believes he can state a claim based on (and consistent with) the events described in this amended complaint, he may file another amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, Mr. Vazquez needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library.

---

[2] Mr. Vazquez has also named the Allen County Jail as a defendant, but this is a building, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the Court after he properly completes the form.

For these reasons, the Court:

(1) **GRANTS** Francisco M. Vazquez until **September 8, 2023**, to file an amended complaint; and

(2) **CAUTIONS** Francisco M. Vazquez if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current amended complaint does not state a claim for which relief can be granted.

SO ORDERED on August 4, 2023.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT